**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM HENRY PITTMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 12-0347-WS-C** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **PUBLIC SAFETY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This newly-filed matter comes before the Court *sua sponte* on routine docket review for initial screening.

On May 23, 2012, plaintiff William Henry Pittman, by and through counsel, filed a Complaint for Declaratory Judgment and Preliminary Injunctive Relief, wherein he challenges the constitutionality of a requirement imposed in related criminal proceedings in this District Court that he must register as a sex offender as a condition of pre-trial release and more generally challenges the legality and application of the Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16901, *et seq.* ("SORNA") to his circumstances.

The undersigned harbors numerous, serious concerns going to both jurisdictional and merits issues. For now, however, it is sufficient to rule that Pittman's request for a temporary restraining order embedded in his Complaint is due to be denied as frivolous.

To be eligible for a temporary restraining order or preliminary injunctive relief under Rule 65, a movant must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). Preliminary injunctive relief "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to

each of the four prerequisites." *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Here, petitioner can satisfy neither the irreparable injury nor the substantial likelihood of success on the merits prongs. Pittman states that he desires a temporary restraining order requiring the Alabama Department of Public Safety (the only named defendant) "to refrain from requiring Pittman to register or comply with the Alabama's sex offender registry statute." (Doc. 1, at 13.) But there are active federal criminal proceedings pending right now in which (i) Pittman is being prosecuted for failing to register as a sex offender in Alabama, and (ii) the U.S. Probation Office is requiring him as a condition of pre-trial release to register as a sex offender.[1] Insofar as Pittman is dissatisfied with that prosecution and that condition of release, his remedy is not to initiate a collateral civil proceeding in front of another U.S. District Judge seeking a temporary restraining order against an Alabama state agency (which is neither prosecuting him nor imposing the said condition of pre-trial release on him), but is instead to litigate those same matters in the pending criminal proceedings.[2] The existence of such a remedy in parallel, pending criminal proceedings fatally undermines any suggestion that Pittman will suffer immediate and irreparable harm unless a TRO is entered in this case.

As for the likelihood of success on the merits, Pittman's Complaint alleges causes of action for "Punitive *Ex Post Facto* Application of the Law," breach of contract, and violation of due process. None appear to have anything approaching a substantial likelihood of success on the merits. *Ex post facto* challenges such as Pittman's have been long and uniformly rejected in the SORNA context. *See, e.g., United States v. W.B.H.*, 664 F.3d 848, 860 (11th Cir. 2011) ("when it enacted SORNA Congress did not intend to impose additional punishment for past sex offenses but instead wanted to put in place a civil and non-punitive regulatory scheme. … Therefore, we reject W.B.H.'s *ex post facto* attack on SORNA's application to him."); *United States v. Hyland*, 2011 WL 1380056, *2-3 (S.D. Ala. Apr. 12, 2011) (explaining why such an

---

[1]    The case is styled *United States v. William Henry Pittman*, and bears Criminal Number 12-0014-CG-B.

[2]    The record in Criminal No. 12-0014 confirms that he is doing just that. On May 15, 2012, Pittman (who is represented by the same counsel in both the criminal and newly-filed civil proceedings) filed a document styled "First Pre-Trial Motions of Defendant" in which he raised many of the very same issues presented in his civil Complaint.

argument is unambiguously foreclosed by binding precedent).  And the Court is at a loss to understand how Pittman could possibly sustain a viable breach of contract claim in this case against the Alabama Department of Public Safety for a 1989 plea bargain into which he entered "with the United States Attorney's Office in the Federal District Court for the Southern District of Mississippi, Jackson Division."  (Doc. 1, at 5.)  Why is Pittman suing a state agency for breach of a contract between himself and the federal government, to which that state agency was not a party?  The Complaint does not say.  And Pittman's due process challenge is unlikely to succeed on the merits given the abundant process that he is receiving right now, today, in Criminal No. 12-0014, wherein he is arguing that he should neither be forced to register as a sex offender nor be punished for failing to do so.

For all of the foregoing reasons, plaintiff's request for temporary restraining order embedded in his Complaint is **denied**.  It is plaintiff's responsibility to serve process on the named defendant.  After service of process is completed, the Court will entertain any Rule 12(b) motion that defendant may submit.

DONE and ORDERED this 24th day of May, 2012.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE