IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HENRY PITTMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0347-WS-C |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| PUBLIC SAFETY, ) | |
| ) | |
|     Defendant. ) | |

**ORDER**

    This matter comes before the Court on defendant's Motion to Dismiss the First Amended Complaint (doc. 21). The Motion has been briefed and is now ripe for disposition.

**I.    Background.**

    Plaintiff, William Henry Pittman, was indicted in this District Court on January 26, 2012, on one count of failure to register and update a registration as required by the Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16901 *et seq.* ("SORNA"). On May 23, 2012, while his SORNA prosecution was still pending, Pittman (acting by and through the same counsel representing him in the criminal matter) filed the instant civil action against the Alabama Department of Public Safety (the "Department"). In his First Amended Complaint (doc. 16), Pittman alleges that the Department is responsible for his SORNA prosecution because it determined that he was out of compliance with Alabama's sex offender registry laws and referred the matter to federal law enforcement agents for prosecution. According to the First Amended Complaint, "[t]his creates a unique nexus between the Alabama authorities and the Federal Government as joint participants in the accusation and prosecution of Pittman." (Doc. 16, ¶ 3.)

    The First Amended Complaint alleges that the Department deprived Pittman of his federal constitutional rights by not furnishing him a hearing before deeming him to be out of compliance with Alabama sex offender registry requirements. In explaining the gravamen of his suit, plaintiff writes in his pleading, "Mr. Pittman is requesting that he be afforded meaningful

access to his legal right to challenge his classification of an out of state sex offender by Alabama and those consequences of that classification." (Doc. 16, ¶ 8.) Pittman purports to bring three causes of action against the Department, including claims for violation of due process (alleging denial of his administrative remedies before being forced to comply with Alabama sex offender registry laws), "punitive *ex post facto* application of the law" (alleging that Alabama's sex offender registry laws are *ex post facto* and punitive because they were enacted after his sex crime conviction and after he leased his business property), and violation of equal protection (alleging that "he was not afforded the rights available to that class of individuals who are persons convicted of a crime in other states than Alabama"). (*Id.* at 5-8.) Pittman does not seek monetary damages, but instead simply requests a declaratory judgment "construing the statutes, rules, powers, and authority referred to herein." (*Id.* at 10.)

**II.   Analysis.**

The Department (which is the only named defendant in the action) now moves for dismissal of the First Amended Complaint on the ground of Eleventh Amendment immunity. The Motion to Dismiss is well taken.

"The Eleventh Amendment guarantees that nonconsenting states cannot be sued by private individuals in federal court." *Ross v. Jefferson County Dep't of Health*, --- F.3d ----, 2012 WL 4054460, *2 (11th Cir. Sept. 17, 2012). "Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens." *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1301 (11th Cir. 2007). Indeed, "[i]t is also well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an arm of the State is sued." *Versiglio v. Board of Dental Examiners of Alabama*, 686 F.3d 1290, 1291 (11th Cir. 2012) (citation and internal quotation marks omitted). In determining whether the entity sued is properly characterized as an arm of the state, courts perform a multifactor test, but give "great deference to how state courts characterize the entity in question." *Id.* at 1292.

Courts have deemed the Alabama Department of Public Safety to be an arm of the state for Eleventh Amendment purposes, such that suit against it is barred by sovereign immunity. *See, e.g., Farr v. Riley*, 2008 WL 1840733, *1 (M.D. Ala. Apr. 23, 2008) ("The Alabama Department of Public Safety is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief

sought."); *Hayden v. Alabama Dep't of Public Safety*, 506 F. Supp.2d 944, 949 (M.D. Ala. 2007) ("The status of the ADPS as an arm of the State of Alabama is not challenged."); *see generally Rutledge v. Baldwin County Com'n*, 495 So.2d 49, 51 (Ala. 1986) (characterizing Department of Public Safety "as an agency of the State"). What's more, the Alabama statute creating the Department makes clear that it is "a department of the State of Alabama." Ala. Code § 32-2-1. Under the circumstances, it could not reasonably be argued that the Department does not qualify as an arm of the State of Alabama for purposes of an Eleventh Amendment immunity analysis. At any rate, Pittman has articulated no such argument.

Instead, Pittman opposes the Department's Motion by insisting that Eleventh Amendment immunity is inapplicable "because Pittman alleges a violation of federal law by the State of Alabama." (Doc. 24, at 2.) In general, however, Eleventh Amendment immunity applies equally to both state and federal causes of action. *See, e.g., Pennhurst State Schol & Hosp. v. Halderman*, 465 U.S. 89, 120, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (Eleventh Amendment "is a specific constitutional bar against hearing even *federal* claims that otherwise would be within the jurisdiction of the federal courts"); *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995) ("the Eleventh Amendment bars appellees' section 1983 suit against the state of Alabama").

Next, Pittman suggests that Eleventh Amendment immunity has no bearing on his claims against the Department because the relief he seeks would simply "end a continuing violation of federal law." (Doc. 24, at 2.) This is an incorrect statement of law. To be sure, the *Ex parte Young* doctrine (to which plaintiff is apparently alluding) creates an "exception to Eleventh Amendment immunity for lawsuits against state officials as long as the plaintiffs seek only prospective injunctive relief to stop ongoing violations of federal law." *Friends of Everglades v. South Florida Water Management Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009); *see also Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) ("a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis … does not violate the Eleventh Amendment"). The trouble is that Pittman has not sued a "state official." Instead, he elected to sue a "state agency." The distinction is critically important. In the present posture of the pleadings, the narrow *Ex parte Young* doctrine cannot rescue Pittman's claims against the Department (the sole defendant) from dismissal pursuant to the Eleventh Amendment. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy,*

*Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (explaining that *Ex parte Young* exception to sovereign immunity is "narrow" and that it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought"); *Ross*, 2012 WL 4054460, at *3 ("Ross also argues that the Eleventh Amendment does not bar her claim for injunctive relief, but Ross failed to file a complaint against a state officer.  Ross named only the Department as a defendant, but an injunction can issue only against an individual officer."); *Stroud v. McIntosh*, 2011 WL 6838046, *3 (M.D. Ala. Dec. 29, 2011) (holding that Alabama Board of Pardons and Parole was entitled to Eleventh Amendment immunity on plaintiff's § 1983 claim, even though plaintiff sought only prospective injunctive relief, because *Ex parte Young* exception is confined to claims "against state officials in their official capacity").

### III.    Conclusion.

Plaintiff has brought federal constitutional claims against an arm of the State of Alabama.  Those claims are barred by Eleventh Amendment immunity, insofar as (i) there is no evidence or argument that the state waived immunity by consenting to suit in federal court, (ii) there is no evidence or argument that Congress abrogated the state's immunity through a valid exercise of its powers, and (iii) the *Ex parte Young* doctrine is inapplicable because plaintiff has not brought suit against a state official, but instead sued a state agency for prospective injunctive relief to stop allegedly ongoing violations of federal law.  Accordingly, the Motion to Dismiss (doc. 21) is **granted**, and this action is **dismissed without prejudice**.  A separate judgment will enter.

DONE and ORDERED this 21st day of September, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE