IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HENRY PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION 12-0347-WS-C |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| PUBLIC SAFETY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This closed matter comes before the Court on "Plaintiff's Petition for Reconsideration of Final Order and for Permission to Amend-In a Necessary Party" (doc. 28).

Plaintiff, William Henry Pittman, who has at all times been represented by counsel herein, filed this action against defendant, Alabama Department of Public Safety, alleging constitutional deprivations with respect to the administration and enforcement of Alabama's sex offender registry laws. The Department (which was the only named defendant) promptly moved to dismiss the First Amended Complaint on the ground that Pittman's claims are barred by Eleventh Amendment immunity. Pittman opposed the motion, citing case law allowing suits against state officials for prospective injunctive relief to stop ongoing violations of federal law. However, Pittman's pleadings did not name a state official as a defendant, and he never requested leave of court to amend his complaint to name a state official (rather than the Department, a state agency) as defendant. On September 21, 2012, the undersigned entered an Order (doc. 26) and Judgment (doc. 27) granting defendant's motion to dismiss and dismissing this action without prejudice on Eleventh Amendment immunity grounds.

Now, Pittman seeks reconsideration of the September 21 Order and Judgment, reasoning that he has decided that he wishes to name a state official as a defendant and that "[i]t would foster judicial economy to allow the amendment of the complaint rather than require a whole new case filing." (Doc. 28, at 1.)  Pittman cites neither case law nor any Federal Rule of Civil Procedure that he contends supports his motion.

As an initial matter, Pittman's Petition for Reconsideration is misguided because it disregards the stringent legal standard governing such requests.  It is hornbook law that "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Longcrier v. HL-A Co.*, 595 F. Supp.2d 1218, 1246 (S.D. Ala. 2008) (citations omitted).  In that regard, the Supreme Court has confirmed that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (similar); *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law").  Under Rule 59(e), Fed.R.Civ.P., "a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier*, 595 F. Supp.2d at 1247 (citations and internal punctuation omitted).  Pittman makes no pretense of aligning his arguments for relief from the September 21 Order and Judgment to any of these discrete categories that might permit reconsideration.

To the extent that Pittman is attempting to frame his "Petition for Reconsideration" as a mere routine motion for leave to amend the Amended Complaint under Rule 15, such an argument fails for two distinct reasons.  First, prior to entry of the September 21 Order and Judgment, Pittman never requested leave to amend his pleading to include the Director of the Alabama Department of Public Safety as a separate defendant.  When confronted with the Department's request for dismissal on Eleventh Amendment immunity grounds, Pittman made no attempt to correct his pleading error, but instead elected to argue that Eleventh Amendment immunity was inapplicable.  Having chosen the path of debating the Department's Eleventh Amendment immunity argument, rather than correcting the underlying pleading defect, Pittman cannot now be heard to object that this Court should have allowed him another opportunity to amend his pleadings before dismissing the action without prejudice.  After all, as a matter of well-settled law, "[a] district court is not required to grant plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend [ ]or requested leave to amend before the district court." *U.S. ex rel. Sanchez v. Lymphatx, Inc.*, 596

F.3d 1300, 1303 (11th Cir. 2010) (citation omitted).[1]  Certainly, it is not a proper use of a motion for reconsideration to make a brand-new request to amend the pleadings because a previous strategic decision not to seek that available amendment proved unwise or unsuccessful.  Having chosen to confront the Eleventh Amendment issue head-on by arguing the law, rather than sidestepping it by fixing his pleadings, Pittman will not be rescued from the natural, foreseeable consequences of that decision via motion to reconsider.

Second, even if it were appropriate for Pittman to seek amendment of the pleadings via motion to reconsider, his motion would fail because the Rule 15 liberal amendment policy has no application in the post-judgment context.  *See Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 n.6 (11th Cir. 1984) (Rule 15(a) motion to amend is "inappropriate … if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action").[2]  Insofar, then, as Pittman wants to amend his complaint at this time, he cannot bypass the stringent legal standard under Rule 59(e) for setting aside the September 21 Judgment by relying on the Rule 15(a) liberal amendment policy.  Rather than invoking the well-worn proposition that leave to

---

[1]  *See also Novoneuron Inc. v. Addiction Research Institute, Inc.*, 2009 WL 1132344, *2 (11th Cir. Apr. 28, 2009) ("Novoneuron had the benefit of counsel, but did not request leave to further amend its complaint.  Instead, it filed a response to the Appellees' motion to dismiss.  The district court was not obligated to *sua sponte* grant Novoneuron leave to amend …."); *Quinlan v. Personal Transport Services Co.*, 2009 WL 1564134, *2 (11th Cir. June 5, 2009) ("we never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*"); *Bazrowx v. Scott*, 136 F.3d 1053, 1054-55 (5th Cir. 1998) (dismissal of *pro se* complaint without granting leave to amend was proper where dismissal was without prejudice).

[2]  *See also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("[T]he plaintiff requested further leave to amend only *after* the district court dismissed her first amended complaint.  If made subsequent to the entry of judgment, such requests, whatever their merit, cannot be allowed unless and until the judgment is vacated under, say, Fed.R.Civ.P. 60."); *Building Industry Ass'n of Superior California v. Norton*, 247 F.3d 1241, 1245 (D.C. Cir. 2001) ("Ordinarily postjudgment amendment of a complaint under Rule 15(a) requires reopening of the judgment pursuant to Rule 59(e) or 60(b)."); *Nextel Spectrum Acquisition Corp. v. Hispanic Information and Telecommunications Network, Inc.*, 571 F. Supp.2d 59, 65 (D.D.C. 2008) ("Once a final judgment has been entered, a motion to amend a complaint under Rule 15(a) should not be granted unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment.") (citations and internal quotation marks omitted)

-4-

amend is freely given in the interests of justice, Pittman must first show that reopener is appropriate pursuant to Rule 59(e), and that the interests favoring reopener outweigh competing considerations of protecting the finality of judgments and the expeditious termination of litigation.  Pittman has made no such showing, and has indeed articulated no legal argument for why relief from the September 21 Judgment might be appropriate or permissible at this juncture.

For all of the foregoing reasons, Plaintiff's Permission for Reconsideration of Final Order and for Permission to Amend-In a Necessary Party (doc. 28) is **denied**.

DONE and ORDERED this 4th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE